ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

CHARLES F. BISESTO (CABN 271353)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6405
    FAX: (415) 436-7234
    Charles.Bisesto@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>HECTOR DOMINGUEZ,<br><br>    Defendant. | No. 4:23-mj-71002-MAG<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF STATUS DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIOD |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Charles Bisesto, and defendant Hector Dominguez ("Defendant"), by and through his counsel of record, John Paul Reichmuth, hereby stipulate as follows:

    1.    On July , the Honorable Kandis A. Westmore, U.S. Magistrate Judge, issue a Criminal Complaint charging Defendant with Distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

    2.    On July 19, 2023, Defendant made his initial appearance before the Honorable Kandis A. Westmore, U.S. Magistrate Judge, and was arraigned on the Criminal Complaint. At that time,

Defendant agreed to continue the matter to August 16, 2023 for a status conference. In Magistrate Court on July 19, 2023, Defendant and the government stipulated that time could be excluded both under the Speedy Trial Act and Federal Rule of Criminal Procedure 5.1.

3. Pursuant to Defendant's request for discovery, the government produced a number of items of discovery to Mr. Dominguez's counsel on August 4, 2023. The government is still waiting on one final piece of discovery from the case agent and anticipates sending that item to defense counsel before the end of this week. Once discovery is completed, the parties anticipate having discussions about how to best proceed.

4. Given the outstanding discovery, and defense counsel's need to review the items that have been produced, both parties agree that this matter should be continued to a future date for a status hearing.

5. The parties believe that failure to grant the continuance would deny Defendant and his counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The parties are requesting a new status on preliminary hearing or arraignment date of September 12, 2023.

6. Defense counsel represents that his client understands that he has a right under 18 U.S.C. § 3161(b) to be charged by information or indictment with the offense alleged in the pending criminal complaint and that his client knowingly and voluntarily waives that right and agrees to continue to exclude the time to be charged by indictment and agrees to set a status in this matter on September 12, 2023. Defense counsel further represents that his client knowingly and voluntarily waives the timing for preliminary hearing under Federal Rule of Criminal Procedure 5.1 through September 12, 2023.

7. For purposes of computing the date under Rule 5.1 of the Federal Rules of Criminal Procedure for preliminary hearing, and the date under the Speedy Trial Act by which defendants must be charged by indictment or information, the parties agree that the time period of August 16, 2023, to September 12, 2023, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at Defendant's request, without government objection, on the basis of the Court's finding that: (i) the

ends of justice served by the continuance outweigh the best interest of the public and defendant in the filing of an information or indictment within the period specified in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which an information or indictment must be filed.

**IT IS SO STIPULATED.**

DATED: August 15, 2023                              Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

  /s
CHARLES F. BISESTO
Assistant United States Attorney

DATED:  August 15, 2023

   /s (signed with permission)
JOHN PAUL REICHMUTH
Counsel for Defendant Hector Dominguez

**ORDER**

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Status Date and (2) Findings of Excludable Time Period Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, as well as to waive the timing for preliminary hearing under Rule 5.1 of the Federal Rules of Criminal Procedure.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in the filing of an information or indictment within the time period set forth in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The status hearing for preliminary hearing and arraignment on information or indictment in this matter currently scheduled for August 16, 2023 is continued to September 12, 2023. The time period of August 16, 2023 to September 12, 2023, inclusive, is excluded in computing the time within which an information or indictment must be filed under 18 U.S.C. § 3161(b) pursuant to the provisions of 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv). Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an information or indictment must be filed.

IT IS SO ORDERED.

August 15, 2023
DATE

HON. DONNA M. RYU
Chief Magistrate Judge, U.S. Magistrate Court